**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHANGHAI XINQI ELECTRONIC TECHNOLOGY CO., LTD. | |
| Plaintiff, v. | Case No.: |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations and Foreign Entities Identified on Schedule A to the Complaint, | **JURY DEMANDED** |
| Defendants. | |

## VERIFIED COMPLAINT

Shanghai Xinqi Electronic Technology Co., Ltd. ("Xinqi" or "Plaintiff"), by and through its attorneys, hereby brings the present action against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations and Foreign Entities identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows.

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court also has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, et seq.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A

1

attached hereto (the "**Seller Aliases**"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products that infringe Plaintiff's patented inventions and Plaintiff's federally registered copyrighted works, as described below, (collectively, the "**Unauthorized Products**") to residents of Illinois. Personal jurisdiction is further confirmed by Plaintiff's pre-filing investigation, which included purchases of each Defendant's Unauthorized Products; the corresponding invoices demonstrate that the products were in fact delivered into the State of Illinois. See **Exhibit 4** (invoices). Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## **INTRODUCTION**

3.       Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented invention and copyrighted works from further selling and/or offering for sale Unauthorized Products. The existence of the Unauthorized Products has hampered Plaintiff's ability to expand its footprint in the market, a market within which Plaintiff should have exclusionary rights under its patent.

4.       Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of

circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities, locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patented invention, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

## **JOINDER**

5.  Defendants may be joined in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." *Fed. R. Civ. P. 20(a)(2).*

6.  Under *35 U.S.C. § 299*, which governs joinder in patent cases, joinder is permitted if: (a) the claims for relief relate to the same transaction or occurrence, specifically involving the offering for sale or selling of the same accused product or process; and (b) questions of fact common to all defendants will arise in the action. See *35 U.S.C. § 299(a).*

7.  This case does not involve seeking joinder solely based on allegations that each defendant has infringed the same patent, nor does it solely rely on allegations of patent infringement. Instead, at least as it relates to the patent infringement claims, the accused products are identical and function in the same way relevant to Plaintiff's Patent. Specifically, each infringing product is identical, and contains the same claimed components under the same model numbers ███, and contains the same infringing manuals, thereby infringing Plaintiff's Patent

3

and copyright in the same manner:









8.     Further, the Federal Circuit has upheld decisions not to sever defendants in similar situations noting that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective. *See In re Google, Inc*., 412 Fed. Appx. 295, 296 (Fed. Cir. 2011) (stating that "adjudicating infringement … will involve substantially overlapping question of law or fact.").

9.     Here, Defendants are each accused of infringing the same patent and copyright and, to sever would not promote judicial economy in view of the need to construe the patent claims and evaluate them in view of prior art, and each Defendant is selling the same product.

10.     Also, determining each Defendant's liability would involve substantially overlapping questions of law and fact and it would waste judicial and party resources to have those issues decided by multiple courts and could lead to inconsistent ruling.

11.     Defendants appear to operate e-commerce stores under the aliases listed in Schedule A, either individually or as part of a coordinated network. The fact that they are selling the same product further demonstrates their interrelationship and serves as a clear giveaway of their coordinated conduct. Their use of tactics to conceal identities and operational details further supports the need

for joinder to efficiently address the scope of their infringing activities. If Defendants provide credible information about their identities, Plaintiff will amend the Complaint as necessary.

12.     For these reasons, Plaintiff has properly joined Defendants under *Fed. R. Civ. P. 20(a)(2)* and *35 U.S.C. § 299(a)*. Joinder promotes judicial economy, avoids duplication of effort, and ensures consistent adjudication of the claims.

## PARTIES

13.     Plaintiff Shanghai Xinqi Electronic Technology Co., Ltd. is a Chinese company founded on March 28, 2018. Its principal place of business is at Room 126, Building 1, No. 1158, Zhongxin Road, Jiuting Town, Songjiang District, Shanghai, China.

14.     Xinqi has been engaged in the business of designing, sourcing, and marketing selling products including, but not limited to, ███████████████████████ for home use. Xinqi Products can be purchased from e-commerce platforms, such as Alibaba.com, as well as from retailers, resellers, and/or importers selling Xinqi Products on Amazon, eBay, AliExpress, Temu, Alibaba, Walmart, Target, and/or other websites. Since at least 2022, Xinqi, on its own and/or via retailers, resellers, and/or importers, has marketed, advertised, promoted, exported, and/or sold Xinqi Products to consumers in the United States, which also included the Copyrighted Work manual.

15.     Plaintiff is the #1 seller of ████████████████ on Amazon, holding a dominant position in the market due to the unique qualities and popularity of the patented product. This success is a result of Plaintiff' ingenuity, investment in the product development, and strategic marketing efforts.

16.     Not surprisingly, ████████████████ are loved by customers at least because of its unique ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

17.     Plaintiff's Products are distributed and sold to consumers throughout the United States.

18.     Xinqi is the lawful assignee of all right, title, and interest in and to United States Patent No. ████████████████████████████████████████ ██████████████████████████████████ Attached as Exhibit 1(a) is a true and accurate copy of the '555 Patent.

19.     At all times relevant, Xinqi complied with the federal patent marking statute, 35 U.S.C. § 287(a).

20.     Xinqi also holds the federal copyright registration (██████████████████████ for works associated with its ████████████████████████████.  This manual provides detailed instructions to guide consumers on the correct use of the ███████████████ ████  True and correct copies of the records from the U.S. Copyright Office website for Plaintiff's Copyrighted Work is attached here as Exhibit 1(b).

21.     Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display Plaintiff's Copyrighted Works to the public.

22.     Since their first publication, and in an effort to draw customers to its products, Plaintiff includes Plaintiff's Copyrighted Work in the listings for its ████████████████ ("Plaintiff's Products" or "Xinqi Products") and in the packaging of Plaintiff's Products.

23.     Defendants are individuals and business entities who own and/or operate one or

more e-commerce stores under the Seller Aliases identified on Schedule A and/or other seller aliases. On information and belief, Defendants reside and/or operate in foreign jurisdictions or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rules of Civil Procedure 17(b).

24.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringement network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

25.     The success of Plaintiff has resulted in significant copying of Plaintiff's Copyrighted Work and the patented design. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), including the e-commerce stores operating under the Seller Aliases. True and correct copies of screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 2**.

26.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

27.     Defendants concurrently employ and benefit from similar advertising and

marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to copy or distribute Plaintiff's Copyrighted Works, and none of the Defendants are authorized retailers of Plaintiff's patented Products.

28.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

29.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

30.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other common features, such as registration patterns, accepted

payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia of being infringing to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

31.     E-commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by brand owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by brand owners, such as Plaintiff, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores. In fact, there are companies and agencies in China that inform foreign sellers of methods to avoid infringement and protect their accounts. They are highly savvy and knowledgeable about how to hide from and evade enforcement actions like this.

32.     One way to evade is for infringers, such as Defendants, to operate under multiple seller aliases and payment accounts so that they can continue operating despite Plaintiff's enforcement. E-commerce store operators, like Defendants, maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

33.     On further information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized

Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff have, jointly and severally, knowingly and willfully used and continue to use unauthorized copies of Plaintiff's Copyrighted Work in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

34.     Defendants' unauthorized copying of Plaintiff's Copyrighted Work in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

35.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36.     As shown, on information and belief, Defendants are working in concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the '555 Patent.

37.     As shown in the exemplary claim charts attached hereto as Exhibit 3, the products being sold by Defendants infringes at least Claim 1 of ███████. The claim charts of Exhibit 3 are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes Claim 1, Plaintiff alleges that Defendants have infringed

each and every claim of ████████ .

38.     Specifically, Defendants have infringed and continue to infringe each and every claim of ████████ by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiff.

39.     Defendants have profited by their infringement of ████████ , and Plaintiff has suffered actual harm as a result of Defendants' infringement.

40.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined.  Defendants' infringement of ████████ in connection with the offering to sell, selling, or importing of products that infringe ████████ , including such acts into the State of Illinois, is irreparably harming Plaintiff.  Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

41.     Defendants' infringement has been and continues to be willful.  Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

42.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.  Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of ████████ , Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

43.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

14

## COUNT I
### PATENT INFRINGEMENT (15 U.S.C. § 271) – ████████████

44.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45.     As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the '555 Patent.

46.     As shown in the exemplary claim charts attached hereto as **Exhibit 3**, the products being sold by Defendants infringes at least Claim 1 of ██████████. The claim charts of **Exhibit 3** are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes Claim 1, Plaintiff alleges that Defendants have infringed each and every claim of ██████████.

47.     Specifically, Defendants have infringed and continue to infringe each and every claim of ██████████ by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiff.

48.     Defendants have profited by their infringement of ██████████, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

49.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants'

infringement of ████████████ in connection with the offering to sell, selling, or importing of products that infringe ████████████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

50.     Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

51.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of ████████████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 and 501)

52.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53.     Plaintiff's Copyrighted Work constitutes original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*

54.     Plaintiff is the owner of Plaintiff's Copyrighted Work. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Copyrighted Work. Plaintiff's

Copyrighted Work is protected by copyright registration numbers which were duly issued by the United States Copyright Office. At all relevant times, Plaintiff has been, and still is, the owner of all rights, title, and interest in Plaintiff's Copyrighted Work, which has never been assigned, licensed, or otherwise transferred to Defendants.

55. Plaintiff's Copyrighted Work is published on the internet and available to Defendants online. As such, based on information and belief, Defendants had access to Plaintiff's Copyrighted Work via the internet.

56. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating Plaintiff's Copyrighted Work on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Plaintiff's Copyrighted Work. Such conduct infringes and continues to infringe Plaintiff's Copyrighted Work in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5). A side-by-side comparison of Plaintiff's Copyrighted Work and the infringing copy by all Defendants is below:

**Front Side**





57.     Defendants reap the benefits of the unauthorized copying and distribution of Plaintiff's Copyrighted Work in the form of revenue and other profits that are driven by the sale of Unauthorized Products.

58.     Defendants have unlawfully appropriated Plaintiff's protectable expression by taking the material of substance and value and creating Unauthorized Products that capture the total concept and feel of Plaintiff's Copyrighted Work.

59.     On information and belief, the Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

60.     Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

61.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's Copyrighted Work.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

b.     Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

2)     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon,

eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent.

3) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

4) That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

5) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

6) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of Plaintiff's Patent.

7)      A finding that this case is exceptional under 35 U.S.C. § 285.That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. reproducing, distributing copies of, making derivative works of, or publicly displaying Plaintiff's Copyrighted Work in any manner without the express authorization of Plaintiff;

b. passing off, inducing, or enabling others to sell or pass off products as Plaintiff's Products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale bearing Plaintiff's Copyrighted Work;

c. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control, or supervision of Plaintiff,

or are sponsored by, approved by, or otherwise connected with Plaintiff;

      d.   further infringing Plaintiff's Copyrighted Work and damaging Plaintiff's goodwill; and

      e.   manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Copyrighted Work;

      8)   Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms such as Amazon shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear Plaintiff's Copyrighted Work;

      9)   That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5);

      10)   As a direct and proximate result of Defendants' infringement of Plaintiff's Copyrighted Work, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

      11)   Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

      12)   That Plaintiff be awarded its reasonable attorneys' fees and costs or bringing this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

      13)   Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 28, 2025

Respectfully Submitted,

/s/Nicholas S. Lee
Nicholas S. Lee
1823 Turtle Bay Road
Vernon Hills, IL 60061
Nickles72@gmail.com
T: 773-732-8244

*Counsel for Plaintiff Shanghai Xinqi
Electronic Technology Co., Ltd.*

## **VERIFICATION**

I, Guodong Yao, hereby certify as follows:

1.      I am the Chief Executive Officer for Shanghai Xinqi Electronic Technology Co., Ltd ("Xinqi"). As such, I am authorized to make this Verification on Xinqi's behalf.

2.      I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3.      I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in   Shanghai   on October 28, 2025.

*Guodong Yao*

Guodong Yao
Chief Executive Officer
Shanghai Xinqi Electronic Technology
Co., Ltd.